IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
SAZAR DENT,

                              Petitioner,

        -vs-

DEPARTMENT OF HOMELAND
SECURITY, et al,
                              Respondents.
------------------------------------------------

CASE NO. 1:10 CV 00140

MEMORANDUM OF OPINION AND ORDER

UNITED STATES DISTRICT JUDGE LESLEY WELLS

       This matter is before the Court on the respondents' unopposed motion to dismiss petitioner Sazar Dent's petition for the Writ of Habeas Corpus. (Doc. 23). The respondents maintain that the Court lacks subject matter jurisdiction because Mr. Dent's petition is moot. For the following reasons, the Court will grant the motion.

       Notwithstanding this case's complicated procedural history, it may be summarized, for the purposes of the respondents' motion, as follows. Mr. Dent, a native of Honduras, was admitted to the United States as a lawful permanent resident in 1981. (Doc. 1-4, 1-5). In December 2003, Mr. Dent was convicted of Escape in the Third Degree in the Superior Court of Arizona, Maricopa County. (Doc. 16-2). As a result, on 5 November 2004, an immigration judge ordered him removed from the United States.

(Doc. 16-6). After an unsuccessful appeal, Mr. Dent was deported to Honduras in September 2005. (Doc. 1, ¶20). At some point thereafter, Mr. Dent reentered the United States. (Doc. 1, ¶24). He was later taken into custody and charged with one count of illegal reentry after removal. (Doc. 1-11).

By the time he filed the instant habeas petition on 20 January 2010, Mr. Dent had been in government custody for nearly 20 months without a hearing, pursuant to 8 U.S.C. § 1231(a). (Doc. 1). In his petition, he argued that he was entitled to a bond hearing and release from the custody of United States Immigration and Customs Enforcement ("ICE"). (Doc. 1).

On 23 November 2010, ICE released Mr. Dent from custody on recognizance bond (Doc. 23-1), following a decision by the Ninth Circuit Court of Appeals, which vacated the administrative order of removal purportedly forming the basis for his detention. Dent v. Holder, No. 09-71987, 2010 WL 4455877 (9th Cir. Nov. 9, 2010). The Court of Appeals ruled that there were genuine issues of fact as to Mr. Dent's citizenship and transferred the case to the District of Arizona for their resolution. Id. at *7.

The respondents now maintain, and the Court agrees, that Mr. Dent's release from custody mooted his petition, since he has received all the relief that he requested in his habeas petition. Under Article III of the Constitution, federal courts may only adjudicate live controversies. Alvarez v. Smith, 130 S.Ct. 576, 580 (2009). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide

meaningful relief, the case becomes moot and is subject to dismissal. See Ailor v. City of Maynardville, 368 F.3d 587, 596 (6th Cir. 2004).

In the present case, because Mr. Dent has been released from custody, he has already obtained the relief requested by his petition. He would not benefit from an order of this Court for bond determination or release, making his petition moot. See Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006) (§ 2241 petition challenging alien's detention without bond was moot when the alien was no longer in custody).

For the above stated reasons, the respondents' motion to dismiss is granted pursuant to Federal Rule 12(b)(1).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Date: 1/3/2011